UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TIMMERMANN'S RANCH AND SADDLE SHOP, INC., | |
| Plaintiff-Counterdefendant, | |
| v. | |
| JEANNE PACE, | |
| Defendant-Counterplaintiff. | No. 11 C 1509 |
| JEANNE PACE, DAN PACE, | No. 13 C 818 |
| Plaintiffs, | Judge James B. Zagel |
| v. | |
| TIMMERMANN'S RANCH AND SADDLE SHOP, INC., DALE TIMMERMANN, CAROL TIMMERMANN, TAMMY RIGSBY, DAWN MANLEY, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff's Motion to Compel the State's Attorney of Lake County, Illinois to produce his entire file in and for the criminal case in which Plaintiff Jeanne Pace was a defendant. For the following reasons, Plaintiff's Motion is denied.

**BACKGROUND**

On or around February 15, 2011, Plaintiff Jeanne Pace ("Ms. Pace"), a former employee of Timmermann's Ranch and Saddle Shop ("Timmermann's"), was arrested for the theft of merchandise from Timmermann's worth $100,000. She was subsequently prosecuted for theft by the Lake County State's Attorney ("SA"), and found not guilty in June 2015. She was

1

not ultimately prosecuted for the offenses of forgery and unlawful use of a credit card. *See People v. Pace*, 11 CF 494. Concurrently with the criminal action, Timmermann's filed a civil case against Ms. Pace in 2011, alleging conversion, breach of fiduciary duty, fraud, and unjust enrichment. Ms. Pace answered and filed a counterclaim in 2011.

In February 2013, Ms. Pace and her husband and co-Plaintiff, Dan Pace, filed a separate action against Defendants Timmermann's Ranch and Saddle Shop, Inc., and four of its employees, Dale Timmermann, Carol Timmermann, Tammy Rigsby ("Rigsby"), and Dawn Manley ("Manley") (collectively "the individual defendants") for false imprisonment, abuse of process, intentional infliction of emotional distress, conspiracy, in concert activity, aiding and abetting, and loss of consortium. Plaintiffs claim that Defendants conspired to frame Ms. Pace by providing false information about her to law enforcement. The 2011 and 2013 actions are consolidated for purposes of discovery only.

On or around September 10, 2015, Plaintiffs served the SA with a subpoena duces tecum for all files in or for the criminal case against Ms. Pace. The subpoena also requested the depositions of the three Assistant SAs ("ASA") who were involved in the investigation or prosecution of Ms. Pace. In response to this subpoena, the SA produced most of his file for Ms. Pace's criminal case. For the remaining items of discovery—court minute sheets authored by ASAs Mathews, Turk, and Brown; the trial memorandum authored by ASAs Mathews and Turk; and a photo of their white board taken by ASAs Mathews and Turk—the SA invoked the quasi-judicial officer privilege and the attorney work-product privilege. The SA also invoked the work-product privilege for any testimony covering non-factual matters during the depositions of the three ASAs. Ms. Pace now moves to compel the production of the withheld discovery.

## LEGAL STANDARD

Generally, parties can obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1) (stating in part that, "for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action."). Requests for discovery are relevant if there is a reasonable possibility that the information sought would lead to relevant material. However, the court must limit discovery if it finds "the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C)(iii). Thus, motions to compel require the court to weigh the value of the material sought against the burden of providing it. *See Patterson v. Avery Dennison Corp.,* 281 F.3d 676, 681-82 (7th Cir. 2002).

"Rule 26(b)(3) distinguishes between 'ordinary' work product (also referred to as 'fact' work product) and 'opinion' work product. Fact work product consists of factual material and opinion work product comprises the mental impressions, conclusions, opinions, or legal theories of an attorney or a party's representative." *United States ex. Rel. Yannacopolous v. Gen'l Dynamics*, 231 F.R.D. 387, 385 (N.D. Ill. 2005). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Opinion work product "cannot be disclosed simply on a showing of substantial need and inability to obtain the equivalent without undue hardship . . . [A] far stronger showing of necessity and unavailability by other means . . . would be necessary to compel disclosure." *Upjohn Co. v. United States*, 449 U.S. 383, 401-02 (1981).

## DISCUSSION

**I.   The Work Product Doctrine as Applied to Non-Parties**

Plaintiffs argue that the SA's Office cannot benefit from the protections under Rule 26(b) because the SA's Office is not a party to this case. To support this claim, Plaintiffs cite to two secondary sources (Wright, Miller, and Marcus' *Federal Practice and Procedure* and Moore's *Federal Practice*) as well as cases in the Ninth Circuit, Eighth Circuit, and an Illinois appellate court. However, while there is very little Seventh Circuit case law on the matter, what cases there are contradict Plaintiffs' argument. In *Hobley v. Burge*, for example, the Seventh Circuit opined that the work-product privilege would be applicable to a hypothetical involving a non-party law firm facing a subpoena duces tecum.[1] 433 F.3d 946, 494 (7th Cir. 2006). *See also Sandra T.E. v. South Berwyn School Dist. 100*, 600 F.3d 612 (7th Cir. 2010) (applying the work product privilege to a non-party law firm's interview notes and legal memoranda prepared in connection to the defendant's pending litigation with the plaintiffs). Following this precedent, I find that the SA is entitled as a non-party to invoke the work-product privilege.

Furthermore, the SA asserts that the three contested items of discovery detail and discuss the ASAs' mental impressions and strategies. Opinion work product is subject to further protection under Rule 26(b)(3). "Codified at Rule 26(b)(3) of the Federal Rules of Civil Procedure, the work-product doctrine is designed to serve dual purposes: (1) to protect an attorney's thought processes and mental impressions against disclosure; and (2) to limit the circumstances in which attorneys may piggyback on the fact-finding investigation of their more

---

[1] While the non-party law firm was, in fact, not served with a Rule 45 subpoena, the Seventh Circuit explored the hypothetical scenario in which Plaintiff did serve the law firm with this subpoena. In its analysis of this hypothetical, the Court cited to Rule 26(b)(3), stating that "[t]he work-product privilege may be overcome 'only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means.'"

diligent counterparts." *Sandra T.E*, 600 F.3d at 621-22. In this case, Plaintiffs have failed to satisfy their burden to show a "far stronger" need of necessity and unavailability as required by *Upjohn*. The SA has already provided most of Ms. Pace's case file, and Ms. Pace will have the opportunity to depose the ASAs.

## II. Exemption Under Quasi-Judicial Immunity

The question of whether the SA and ASAs are exempted under quasi-judicial immunity from compulsory testimony regarding their opinions and mental impressions is determined by what role or function they were serving at the time of the prosecution. *See, e.g., Capra v. Cook County Bd. of Review*, 733 F.3d 705, 709 (7th Cir. 2013); *Tobin for Governor v. Illinois State Bd. of Elections*, 268 F.3d 517, 521 (7th Cir. 2001). Both federal and Illinois courts have consistently held that SAs and ASAs are considered quasi-judicial officers entitled to quasi-judicial immunity when initiating and prosecuting a criminal case on behalf of the government, as the SAs and ASAs did in Ms. Pace's criminal case. *See Boyd v. Village of Wheeling*, 1985 WL 2564 at *11 (N.D. Ill. 1985); *People ex rel. Schreiner v. Courtney*, 380 Ill. 171, 179 (1942) ("The State's Attorney is a quasi-judicial officer . . . .").

In arguing that the SA is not a quasi-judicial officer but a part of the executive branch, Plaintiffs have cited to the Illinois Supreme Court's decision in *Nelson v. Kendall County*. 2014 IL 116303, 10 N.E. 3d 893. That case, however, is distinguishable from this one. There, the Illinois court was determining whether the SA's office is a "public body" within the meaning of the Freedom of Information Act, a context that is not applicable here. Therefore, I find that the SA and ASAs were quasi-judicial officers while investigating and prosecuting Plaintiff's criminal case and, as such, are entitled to invoke quasi-judicial immunity.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel the Lake County State's Attorney's Office to Disclose Attorney Work Product is denied.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: March 28, 2016